FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

97 MAY -6 AM 10: 00

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR90-H-266-E |
| | ) | |
| DAVID RONALD CHANDLER, a/k/a | ) | CV95-H-8005-E |
| RONNIE CHANDLER. | ) | |

ENTERED

MAY - 6 1997

### ORDER

Presently before the Court is the May 5, 1997 motion by Chandler for a certificate of appealability, made pursuant to 28 U.S.C. § 2253(c).

Initially, the Court acknowledges that Chandler's motion raises the issue of the retroactive application of § 2253(c) to this case, in order to preserve that issue for review by the Supreme Court. However, as Chandler's motion admits, the current controlling law in the Eleventh Circuit is that § 2253(c) applies to any case in which the notice of appeal was filed after April 24, 1996.

Chandler's current motion seeks a certificate of appealability for all § 2255 claims raised in this proceeding. On May 5, 1997, prior to receiving the instant motion, the Court entered a "Partial Certificate of Appealability," including some of the claims listed in Chandler's motion. Thus, the Court treats the present motion as one seeking reconsideration of the Court's decision not to issue a certificate with respect to the claims not listed in the May 5, 1997 partial certificate.

However, the Court notes that, before entering its "Partial

503

Certificate of Appealability," it gave careful consideration to all of the claims presented, and is satisfied that the partial certificate includes all claims on which Chandler has made a substantial showing of the denial of a constitutional right. Thus, Chandler's May 5, 1997 motion for a certificate of appealability, treated as a motion for reconsideration, is DENIED.

DONE this ____6ᵗʰ____ day of May, 1997.

SENIOR UNITED STATES DISTRICT JUDGE

2